**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **K. T.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No:   4:16-cv-00165 |
| | ) | |
| **CULVER-STOCKTON COLLEGE**, ET AL | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF K.T.'s MEMORANDUM IN OPPOSITION TO DEFENDANT**
**CULVER-STOCKTON COLLEGE'S MOTION TO DISMISS COUNT I OF**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW Plaintiff, K. T., by and through counsel, and for her Memo in

Opposition to Defendant Culver-Stockton's Motion to Dismiss Plaintiff's First Amended

Complaint, states:

**INTRODUCTION**

Plaintiff filed a First Amended Complaint in three counts, the first count

essentially being a complaint for "sexual assault in violation of Tit. IX and negligent

supervision against the college" (doc. 23).

The college asserted that Count I failed to state a claim upon which relief may be

granted, pursuant to Rule 12(b)(6) F.R.Cv.P.

**I.        PRELIMINARY STATEMENT**

Plaintiff filed a three count complaint asserting claims against the college in

Count I for sexual assault and negligent supervision in violation of Tit. IX of the

Education Amendments to the Civil Rights Act of 1972, T. 20 U.S.C., §1681, et seq.,

asserting that the statute prohibits sexual harassment or sexual violence at all public and

private schools or universities that have or receive federal financial support.  The college
has requested a dismissal with prejudice as to Count I.

## II.  RESPONSE TO STATEMENT OF FACTS

Plaintiff filed a complaint against defendant alleging that plaintiff, then a 16 year
old high school student, was invited to the college as a potential student-athlete recruit for
the women's soccer team (Para. 8).  Plaintiff also alleged that on or about 2/8-9/2014, she
was supposed to be under the guidance and supervision of the college, and in particular
the women's soccer team, when she was physically assaulted by co-defendant, A.B., a
student at the college, in a dormitory owned by the college housing Lambda Chi Alpha
Fraternity, located on the premises of the college, and asserted that A.B. was a member of
the local Lambda Chi Alpha Fraternity (Para. 12).

Plaintiff's claim against the college relates not only to the college's lack of
response to the assault and complaints of plaintiff and her family to investigate and
provide guidance, counseling and treatment, but also as to the college's failure to provide
minimal supervision and control over college students on its campus (Para. 15, 17),
including the failure to provide a qualified chaperone, as promised.

Plaintiff asserted that as a direct and proximate result of the assault, the failure of
the college to investigate and to provide guidance, counseling, treatment and remediation,
she sustained mental and emotional distress and was required to expend funds for care
and treatment as part of her damages (Para. 14, 16, 18, 19, 21, 22, 23).

Plaintiff further alleged that once the college became aware of the complaints, it
effectively backed off from any meeting with plaintiff or her family, and provided no
further information of investigation, nor did the college offer any remediation,

counseling, treatment or consideration as to plaintiff's complaints (Para. 16), in violation of Tit. IX.

Plaintiff asserted that the assault and the aftermath constitutes sexual harassment and violence within the meaning of the proscription against the same under Tit. IX of the Civil Rights Act, and seeks relief.

## ARGUMENT

I.    Applicable standard of review

Before a motion to dismiss under rule 12(b))6) can be granted for "failure to state a claim on which relief can be granted" the Court must find that:

(1)    the factual allegations of the complaint are true but are insufficient as a matter of law to state a claim;

(2)    after giving plaintiff the benefit of all reasonable inferences that can be drawn from the allegations, the facts are still insufficient to sustain the claim. *Lustgraaf v Behrens, 619 F.3d 897 (8th Cir. 2010).*

Plaintiff is aware of the holdings in *Ashcroft v Iqbal, 556 U.S. 692 (2009)*, which held that a complaint must contain sufficient factual matter, accept as true, to "state a claim to relief that is plausible on its face".  556 U.S. 692 (2009).  *Iqbal* also notes that there must be sufficient factual content, which will allow the court to draw the reasonable inferences that defendants are liable for the misconduct alleged by plaintiff, supra at 556 U.S.

Plaintiff believes there are sufficient allegations directed against the college concerning the failure of the college, its soccer coach and team to supervise and safeguard plaintiff and to thereafter remediate.

Plaintiff stated substantial allegations of a sexual assault that occurred in a dorm on the campus of the college, in a situation where the college invited a minor student to participate in a recruiting program for its college sports, which are clearly covered under Tit. IX.

In this case, plaintiff alleged factual allegations both as to the events that occurred and the damages sufficient to overcome defendant's motion to dismiss. *Bell Atlantic Corp. v Twombley, 550 U.S. 544 (2007).*

II.     Count I states a claim for sexual violence and lack of supervision and due care against the college.

Plaintiff alleged that the college is liable for what allegedly consists of "peer to peer" sexual violence and discrimination. Plaintiff notes that she was not a student but is clearly clothed in all the attributes of a student in that she was invited to participate with the women's college soccer team as a prospective student-athlete, was invited to attend sorority functions, and was taken to a fraternity house party, subjected to physical and social coercion, fed intoxicating liquor and subjected to a physical assault. *Gebser* makes it clear that sexual harassment and violence are included within the meaning of discrimination under Tit. IX. The college, who has authority to address and remediate the discrimination and institute corrective measures, should be held to account for its failure to do so for "deliberate indifference". 20 U.S.C., §1682 (Administrative Enforcement). *Gebser v Lago Vista Ind. Sch. Dist., 524 U.S. 274 (1998).*

Educational institutions may be held liable, particularly in known acts of harassment by one student against another. *Davis v Monroe County Board, 526 U.S. 629 (1999).*

Defendant has suggested in several memos, that the private right of action and claim by a student in a "peer to peer" situation is extremely narrow; whereas, the courts have simply stated that there is a private right of action under Tit. IX, providing certain standards are met.

In order to prove Tit. IX liability under a "deliberate indifference" standard, plaintiff must show:

(1)   the university or college was deliberately indifferent,
(2)   to known acts of violence or discrimination,
(3)   which occurred on premises or under its control.

*Ostrander v Duggan*, 341 F.3d 745 (8th Cir. 2003).

In *Ostrander*, University of Missouri students who brought sexual assault claims against fraternity members did not provide sufficient evidence of actual knowledge or deliberate indifference; whereas, in the instant case, plaintiff has submitted substantial allegations as to the college's knowledge of sexual violence on campus, as well as facts known to the college as to the predelictions of college students to use alcohol while on campus.  (See Exhibits attached to Plaintiff's Response to Defendant's First Motion to Dismiss.)

In *Roe v St. Louis U*., the Court of Appeals for the 8th Circuit reiterated an individual's rights to pursue a private right of action for sexual harassment under Tit. IX, *746 F.3d 874 (8th Cir. 2014).*

A.   <u>PLAINTIFF'S STATUS AS A STUDENT-ATHLETE RECRUIT PLACES HER IN THE STATUS OF A STUDENT</u>

Plaintiff agrees that if she were simply a passer-by, walking on the campus without any status as a student-athlete recruit, Tit. IX would probably not apply.

We submit that the term "students" would refer to all student-athlete recruits brought to the campus on the solicitation of the college.  Furthermore, the Supreme Court in _Davis_ extended liability for peer harassment for the clear purpose or providing protection to students, and particularly student-athletes.

Defendant makes a further unfounded suggestion that since the plaintiff is not a student she is not entitled to any protection from peer harassment or being enrolled as a student.  The underlying policy of Tit. IX lists protection against sexual violence to clearly extend to the class of students who are invited and solicited to come to the campus as potential recruits and scholar athletes and not as mere casual persons walking by the campus.

Furthermore, plaintiff suggests that because of her status as a student-athlete invitee, brought to the campus at the invitation of the college, she should have all the protection afforded to women athletes on the campus.

B.      PLAINTIFF DOES HAVE STANDING TO ASSERT A TIT. IX CLAIM AGAINST THE COLLEGE

We acknowledge that courts have held that apparent plaintiffs are not students and thus would have no claim under Tit. IX.  _Lopez v Regents, 5 F.Supp. 3d 1106_.

As a practical matter, there is little difference between a high school student taking courses on the campus and high school students participating in college sponsored activities as an invitee of the women's soccer team.  We suggest this is a distinction without a difference and that plaintiff, for purpose of this litigation, is a "student" at the college.

C.      PLAINTIFF HAS SUFFICIENTLY ALLEGED A CLAIM OF ACTUAL

NOTICE OF SEXUAL VIOLENCE/SEX DISCRIMINATION

Plaintiff alleged that she was invited to the college campus by the college soccer team as a prospective student-athlete recruit, was invited to participate in college related activities, including soccer try-outs, and that she was physically assaulted by a student on campus in a college owned dorm and frat house, while a minor under the age of 17 (Para. 8, 13).

Furthermore, the college mistakes the thrust of plaintiff's complaint by suggesting that the college cannot be held liable for students' acts on the theory of "Respondeat Superior".

Plaintiff's complaint is directed at the college's failure to provide supervision and guidance to student-athlete invitees, while involved in campus activities, and the college's failure, after an act of violence occurs, to provide investigation, counseling, treatment and remediation to cure and resolve the problem.

Defendant notes that "actual notice" is not mere suspicion or concern that something is going on, *Doe v Flaherty, 623 F.2d 577 (8th Cir. 2010)*, but requires, as a matter of law, that the college receive actual notice of sexual discrimination and violence.

The college was well aware that an act of sexual violence had occurred from the report of plaintiff and her family, as well as from reports of other students, and when confronted with a meeting with plaintiff, withdrew from the meeting and made no attempt to apply corrective measures or involve plaintiff in any remediation, corrective measures, treatment or counseling.

The thrust of plaintiff's complaint is that the failure to provide supervision and guidance as promised, binds the college contractually and because of its failure to provide the necessary protection against sexual violence, also violates Tit. IX.

The college had a policy purportedly complying with Tit. IX, and the "**Clery Amendment"**, T.20 U.S.C., §1092(f), which provided established procedure for accepting and taking complaints of sexual violence in public or private colleges.  Plaintiff adequately pled that the college took no action involving plaintiff.

The defendant somewhat disingenuously asserted that the college could not have known about the assault until the event occurred.  Therefore, the college did not have actual notice or any obligation to protect plaintiff.

Plaintiff notes there has been no discovery at this stage.  The exhibits attached to plaintiff's response to defendant college's first motion to dismiss, clearly indicate that the college was aware of problems with sexual assaultive behavior on campus, and of the problems with alcohol.

One of the principal elements of Tit. IX and the **Clery Amendment** is to provide investigative resources for remediation and corrective action, and care and treatment for the affected individual.

Therefore, plaintiff is not foreclosed from asserting a Tit. IX claim.

Plaintiff's complaint asserts that there is a failure to provide supervision and guidance (chaperone) to a minor student-athlete, invited and solicited to come on campus, and then the abandonment under circumstances where the college knew, or should have known, in the exercise of due care, that failure to provide guidance and supervision could lead to vulnerability sexual attacks, violence and, at the very least, sexual harassment.

D.     <u>PLAINTIFF HAS ALLEGED A PLAUSIBLE CLAIM THAT THE COLLEGE WAS DELIBERATELY INDIFFERENT TO ALLEGED SEX DISCRIMINATION AND VIOLENCE</u>

Plaintiff asserted that the college failed and neglected to adequately investigate the matter, make contact with plaintiff and her family, even after a complaint was registered with law enforcement (Para. 15).

Plaintiff further alleged that representatives of the college withdrew from a scheduled conference, which was for the purpose of investigating and reviewing plaintiff's complaints (Para. 16), rather than conduct an investigation together with plaintiff, or offer any necessary treatment or counseling.

Plaintiff asserted that the college's failure to provide guidance and supervision promised to plaintiff and her parents made her more vulnerable to sexual harassment and violence, and that the college knew, or should have known, not only the vulnerability but the reasonable likelihood that problems would occur, but the college failed to take any action to provide sufficient supervision and guidance for the minor scholar athlete invitee.

We believe this is "deliberate indifference" to a known act of discrimination by A.B. against K.T., who we believe should be accorded the status of a "student" and partake of the benefits under Tit. IX, which were designed to protect plaintiff.  C.F.: <u>Roe v St. Louis U.</u>, *746 F.3d 874 (8th Cir. 2014)*.

Plaintiff further asserted and pled that the actions of the college in failing to provide supervision and guidance, and in failing thereafter to investigate, remediate and

provide counseling, constituted deliberate indifference and gross disregard for plaintiff's rights (Para. 25, 27).

We believe the inaction by the college and failure to provide supervision and guidance by the college soccer team and the college, is more than simple negligence and has been pled as deliberate indifference or gross negligence, which approaches intentional wrongdoing.  C.F.: *Arnett v Webster, 658 F.3d 742 (7th Cir. 2011)*.

Plaintiff submits that had the college provided a proper chaperone to safeguard and protect student athlete recruits, it is likely that K.T. would not have suffered the violence.

We note that the college provides for safety escorts (Ex. 2 "Sexual Assault Prevention & Response" attached to Plaintiff's Response to Defendant's First Motion to Dismiss).  We further note that Ex. 2 stated that "counseling options will be made available through the Director or Counseling and Wellness Service"  The campus safety summary states that "...it is the responsibility of Culver-Stockton College to provide a safe and secure environment for its students, employees and campus visitors...".

Furthermore, sexual assault violates the college's policy and is strictly prohibited (Ex. 3) and may cause disciplinary sanctions up to and including expulsion.

Plaintiff states that the invitation to attend "Soccer Recruit Night" stated that the first 15 players will be able to stay in the Residents' Hall with the women's college soccer team members (Ex. 4 of Plaintiff's Response to Defendant's First Motion to Dismiss).

Plaintiff asserts that the failure to provide a proper chaperone for the minor student-athlete recruits constituted gross negligence and deliberate indifference, and goes beyond mere allegation of negligence.  C.F.: *Cox v Sugg, 44 F.3d 1062 (8th Cir. 2007)*.

E.     PLAINTIFF PLED AND ASSERTED THE COLLEGE HAD CONTROL

Plaintiff pointed out that the rules and regulations of the college specifically prohibit sexual violence and assault and state that where it occurs it is to be promptly reported, and that the college will investigate and provide counseling.  That did not happen.

Furthermore, there is substantial evidence that the college has a right to control student activity, and its own building, and to provide supervision of all its institutions, including fraternities, sororities and the women's college soccer team.  The college's failure to provide adequately trained chaperones or guides to protect the student-athlete recruit made plaintiff substantially more vulnerable.

The college has suggested that it cannot control the setting in which harassment or discrimination occurs, particularly since the sexual violence occurred on campus, in a fraternity, subject to regulation by the college and under circumstances where adequately trained chaperones could have provided the necessary protection and guidance that was missing here.

We agree that the college cannot predict sexual violence or sexual assaults any more than law enforcement agencies.  However, it is equally apparent that the college was aware of the problem of sexual violence in a "student on student" situation, has created policies for it, and knew or should have known that the failure to provide adequate chaperones for the minor student-athlete invitees would make them substantially more vulnerable to just the sort of violence that was visited upon plaintiff.

In addition to the failure to provide adequate supervision and guidance, and to protect a vulnerable invitee, the college failed, after the report of violence, to take any

reasonable action involving the plaintiff, or to keep plaintiff or her family advised of any investigation, attempt at remediation, corrective action, counseling or treatment.

Plaintiff pled that defendant college had the right to regulate the conduct of its students and the Lambda Chi Alpha Local Fraternity (Para. 17), and the college knew, or should have known, that utilizing a proper chaperone would have provided the control over the situation so that the harassment or rape did not occur.  C.F.: _Roe v St. Louis U,_ _supra_.

Plaintiff is informed that the premises of the Lambda Chi Alpha Fraternity were in a dorm building owned and controlled by the college.

F.     PLAINTIFF ALLEGED A PLAUSIBLE CLAIM THAT SHE WAS DISCRIMINATED AGAINST BECAUSE OF GENDER

Plaintiff asserts that Tit. IX was enacted to provide protection for women against sexual discrimination and violence, regardless of gender or sex of the perpetrator.  T.20 U.S.C., §1681, et seq.

We note that the general liability of a college to supervisor and protect students from assault points out that where the risk of harm is increased by the failure of a college to supervise, that may be a "special circumstance" and imposes liability.  C.F.: _Nazeri v_ _Missouri Valley College, 860 S.W.2d 303 (banc 1993)._

Furthermore, at least two federal courts have permitted plaintiffs to proceed to trial on the issue of whether the college's knowledge that either the alleged assailant, or other student athletes, had committed previous assaults could provide evidence of either "actual knowledge" and "deliberate indifference", or could support an inference that the institution had a policy of indifference.  _Williams v Board of Regents Univ. Georgia, 477_

*F.3d 1282 (11th Cir. 2007); Simpson v University of Colorado, 500 F.3d 1170 (10th Cir. 2007).  See also S.S. v Roc Alexander and University of Washington, 2008 Wash. App. 333 (Wash. 2011-2008).*

     In the instant case, plaintiff asserted deliberate indifference before the assault occurred, by the failure to provide adequate supervision and a trained chaperone, as well as deliberate in difference, after the event occurred, by failing to provide an investigation, remediation, counseling and medical assistance for the plaintiff.

     In *Williams*, the 11th Circuit held that the college's knowledge that student athletes, or other students, could become involved in sexual violence might be sufficient to supply the first prong, and that the second issue of "deliberate indifference" could be met so long as plaintiff could establish that the indifference subjected to her to further discrimination, such as occurred here where the college did not participate in investigating the matter, or provide assistance or counseling to plaintiff.  In this case, there was no response by the college to plaintiff's complaint of sexual assault.  Therefore, the court ruled that *Williams*' allegations regarding the college's failure to promptly respond, could meet the "deliberate indifference" test.  The 11th Circuit held that Williams met the standard of "control", and then turned to the fourth prong, whether the discrimination suffered by *Williams* was "severe, pervasive and objectively offensive". That has been pled by plaintiff.  477 F.3d, supra.

     The issue as to whether the sexual violence denied plaintiff herein equal access to an education is particularly poignant here, in that any chance she would have to participate as a student-athlete at Culver-Stockton College was foreclosed by the college's failure to step forward and participate in remediation, counseling and treatment.  Under

the circumstances, plaintiff could not accept any scholarships or offers to play for the soccer team.  Therefore, plaintiff was denied meaningful educational rights.

Defendant college further asserted that "inappropriate conduct" inflicted "regardless of sex", is not unlawful discrimination under Tit. IX.

Plaintiff has not asserted "inappropriate conduct" but has asserted sexual violence committed by a man upon a minor female, involving attempted rape or conduct constituting "rape", by physical coercion of a minor incapable of resisting, and was made vulnerable to said attack and the failure of the college to provide a qualified chaperone.

G.     PLAINTIFF ALLEGED THAT THE COLLEGE'S RESPONSE TO PLAINTIFF'S CLAIMS OF SEXUAL VIOLENCE IS "CLEARLY UNREASONABLE"

Plaintiff has adequately pled the existence of Tit. IX, the failure to provide guidance and supervision, the fact that plaintiff was a minor under the age of 17, the fact that she was subjected to forcible, physical and mental coercion in a male on female sexually violent situation where she sustained injuries (Para. 10, 11, 12, 13, 14).  Plaintiff further asserted that the college failed and neglected to take reasonable corrective action and to adequately investigate the matter (Para. 15, 16), in that the college's response, or lack of response, constituted deliberate indifference or gross negligence, when it knew or should have known of the need to provide supervision, guidance and control for the minor athletic invitees (Para. 22).

The only information as to whether or not the college's actions were "clearly unreasonable" are set forth in the pleading.  The college simply took no action, from plaintiff's point of view.  We believe that is sufficient to establish both "deliberate indifference" and that the response was "clearly unreasonable".

## CONCLUSION

For the reasons alleged herein, plaintiff respectfully suggests that defendant's Motion to Dismiss Count I of Plaintiff's First Amended Complaint should be denied, and for such other and further relief as to this Court seems meet and just.

Respectfully submitted,

MARTIN, MALEC & LEOPOLD, P.C.


/s/ James M. Martin
James M. Martin, USDC Bar #3754
1007 Olive Street, 5th Floor
St. Louis, MO 63101
(314) 231-3323
(314) 231-6739 - fax
jmartin@mmllawyers.com
mml@mmllawyers.com
Counsel for Plaintiff K. T.

## CERTIFICATE OF MAILING/ECF FILING

I certify that the foregoing was filed this 18th day of May, 2016, through the Federal Court electronic filing system, and copies sent via U.S. Mail, postage pre-paid, to the following counsel of record:

Ian P. Cooper
Katherine Nash
TUETH, KEENEY, COOPER, MOHAN, JACKSTADT, P.C.
34 North Meramec, Suite 600
St. Louis MO 63105
icooper@tuethkeeney.com
knash@tuethkeeney.com
*Attorneys for Defendant Culver-Stockton College*

Talmage E. Newton, IV
NEWTON WRIGHT BARTH LLP
7515 Delmar Blvd.
St. Louis MO 63130
tnewton@nwblegal.com
*Attorneys for Defendant A.B.*

/s/ James M. Martin