| | | |
|---|---|---|
| K. T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 4:16-CV-165 CAS |
| v. | ) | |
| | ) | |
| CULVER-STOCKTON COLLEGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Culver-Stockton College's ("College") motion to dismiss Count I of plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff opposes the motion and it is fully briefed. For the following reasons, the motion to dismiss will be granted. The Court will decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims, and will dismiss the same without prejudice.

## I. Factual Background

Plaintiff's First Amended Complaint ("Complaint") alleges that "[o]n and prior to February 8, 2014, plaintiff, K.T., then a high school junior, 16 years of age, was invited to visit Culver-Stockton by the college as a potential recruit for the women's soccer team, an athletic activity sponsored and promoted by Culver-Stockton College." Complaint, ¶ 8. Plaintiff alleges that "[o]n or about February 8-9, 2014, while plaintiff was supposedly under the guidance and supervision of the College, she was physically assaulted by defendant, A.B., a student at Culver-Stockton, on the premises of the local Lambda Chi Alpha Fraternity house, of which defendant A.B. was then a member." Id., ¶ 12.

Plaintiff alleges that she was "subjected to forcible physical and mental coercion by Defendant A.B., either intentionally or in gross disregard for plaintiff's rights, accompanied by the serving of alcoholic beverages to the minor Plaintiff, and social coercion by Defendant A.B., so as to render her incapable of consent; and was thereafter subjected to a sexual assault by Defendant A.B. grasping her person and private parts and in disrobing Plaintiff without her consent, and causing penetration[.]" Id., ¶ 14.

Plaintiff alleges that the College became aware of the sexual assault when "[o]ther parties and fraternity members of Lambda Chi Alpha local Chapter reported the incident to the authorities at the College on February 8-9, 2014, but Defendant College failed and neglected to take reasonable corrective action or to adequately investigate the matter or make contact with Plaintiff and her family, until a complaint was registered with law enforcement on February 15, 2014, by plaintiff's family." Id., ¶ 15. Plaintiff further alleges, "Thereafter, representatives of the College withdrew from a scheduled conference with Plaintiff and her parents when they discovered the nature of the complaint, rather than conduct an investigation, review all the issues or offer any necessary treatment or counseling to Plaintiff." Id., ¶ 16.

Plaintiff alleges that "at all times herein, Defendant College had the right to regulate the conduct of its students, including Defendant A.B. and the Lambda Chi Alpha local Chapter and had the right to control or exert substantial control over student actions so as to prevent sexual violence on fellow students and guests." Id., ¶ 17. Plaintiff alleges that "Defendant College knew or should have known of the propensity of college students to utilize alcohol and to become involved in assaultive behavior while using alcohol." Id., ¶ 21. Finally, plaintiff alleges that "Defendant further was aware of the need to provide guidance, supervision and control for the minor athletic invitees on its campus premises, but failed and neglected to do so." Id., ¶ 22.

Plaintiff's claim against the College relates to its response to the alleged assault – "as a direct and proximate result of said assault by A.B. and failure to investigate and provide guidance, counseling and treatment, by Culver-Stockton, Plaintiff sustained mental and emotional distress and was required to expend funds for care and treatment. Id., ¶ 19.

Count I of the Complaint asserts a claim against the College under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, et seq. Plaintiff alleges that "[t]he assault upon plaintiff on February 8-9, 2014, constitutes sexual harassment and sexual violence within the meaning of the proscription against the same under Title IX of the Civil Rights Act [sic], which confers separate rights in the nature of a statutory tort." Id., ¶ 24. Plaintiff asserts "[t]hat the inaction by the college in failing to investigate, take corrective measures and provide post violence care and treatment, constitutes deliberate indifference." Id., ¶ 25.

Count II of the Complaint asserts state law assault claims against defendants A.B., Lambda Chi Alpha Fraternity, and Lambda Chi Alpha Fraternity Inc.[1] Count III asserts state law claims of negligent and careless supervision against Lambda Chi Alpha Fraternity and Lambda Chi Alpha Fraternity Inc.

---

[1]Plaintiff alleges that defendant A.B. resides in the City of St. Louis, Missouri, and that Lambda Chi Alpha Fraternity is an administratively dissolved Missouri corporation that maintains a fraternity chapter and facilities on the College's campus located in the Eastern District of Missouri. (Waivers of service were issued to defendant Lambda Chi Alpha Fraternity but not returned. The Court ordered plaintiff to serve this defendant with summons and complaint, see Order of July 6, 2016 (Doc. 46), but plaintiff has failed to comply and this defendant has not been served in this matter.) Plaintiff alleges that defendant Lambda Chi Alpha, Inc. is an Indiana corporation and the national umbrella organization for Lambda Chi Alpha fraternities, including the chapter at the College.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." <u>Schaaf v. Residential Funding Corp.</u>, 517 F.3d 544, 549 (8th Cir. 2008) (citing <u>Twombly</u>, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," <u>id.</u> at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. <u>Id.</u> at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions, however. <u>Iqbal</u>, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

"While courts primarily consider the allegations in the complaint in determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned;' without converting the motion into one for summary judgment." <u>Miller v. Redwood</u>

Toxicology Lab, Inc., 688 F.3d 928, 931 & n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

Plaintiff submitted four exhibits with her opposition to the College's motion to dismiss. Because none of the documents submitted as exhibits are within the categories a court may consider on a motion to dismiss without converting it to a motion for summary judgment, the Court will not consider any of the exhibits in resolving the instant motion to dismiss.

## III. Defendant College's Motion to Dismiss Count I

The College's motion to dismiss asserts that Count I of the Complaint fails to state a plausible claim under Title IX for six reasons:

1. As a non-student at the College, plaintiff may not assert a claim for money damages under Title IX for alleged "student-on-student" harassment under the Supreme Court's holding in Davis v. Monroe County Board of Education, 526 U.S. 629 (1999).

2. Plaintiff has no standing to sue the College under Title IX for peer harassment because plaintiff was never a student at the College.

3. Plaintiff fails to allege a plausible claim that the College had "actual notice" of the alleged sex discrimination against plaintiff.

4. Plaintiff fails to allege a plausible claim that the College was "deliberately indifferent" to alleged sex discrimination against Plaintiff.

5. Plaintiff fails to allege a plausible claim that the College had control over the setting and circumstances giving rise to alleged discrimination against plaintiff.

6. Plaintiff fails to allege a plausible claim that the College intentionally discriminated against Plaintiff because of her gender.

7. Plaintiff fails to allege a plausible claim that the College's response to notice of the alleged discrimination was "clearly unreasonable."

**IV. Discussion**

Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq., provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]" 20 U.S.C. § 1681(a). Although Title IX is silent as to whether a private right of action exists for individuals whose Title IX rights have been violated, the Supreme Court held that such an action exists, Franklin v. Gwinnett County Public Schools, 503 U.S. 60 (1992), including for student-on-student harassment. Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 640-41 (1999). It is well established that "sexual harassment is included within the meaning of 'discrimination' under Title IX." Roe v. St. Louis University, 746 F.3d 874, 881 (8th Cir. 2014).

An institution that receives federal funds generally may be liable in damages under Title IX only for its own misconduct in excluding persons from participating in, denying persons the benefits of, or subjecting persons to discrimination under its programs or activities. Davis, 526 U.S. at 640. Title IX damage actions that do not involve an institution's own misconduct, such as the instant case, require a showing that an "appropriate person" has notice and an opportunity to rectify any violation. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290 (1998). An "appropriate person" under Title IX is, "at a minimum, an official of the recipient entity with authority to take corrective action to end the discrimination." Id. Therefore, damages are not available "under Title IX unless an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the recipient's behalf has actual knowledge of discrimination in the recipient's programs and fails adequately to respond." Id. "[M]oreover, . . . the response must amount to deliberate indifference to discrimination." Id.

In Ostrander v. Duggan, 341 F.3d 745 (8th Cir. 2003), the Eighth Circuit held that to prove Title IX liability under the deliberate indifference standard, a plaintiff must show that a recipient institution was "(1) deliberately indifferent (2) to known acts of discrimination (3) which occur under its control." Id. at 750 (quoted case omitted). More recently, the Eighth Circuit discussed the legal framework of recipient institutions' potential Title IX liability for student-on-student acts of harassment as follows:

> Educational institutions may be liable for deliberate indifference to known acts of harassment by one student against another. Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 643 (1999). To be actionable an institution's deliberate indifference must either have caused the harassment or made students vulnerable to it. Id. at 644-45. A plaintiff must show that the institution had "substantial control over both the harasser and the context in which the known harassment occurs." Id. at 645. In order to avoid deliberate indifference liability an institution "must merely respond to known peer harassment in a manner that is not clearly unreasonable." Id. at 648-49. The "not clearly unreasonable" standard is intended to afford flexibility to school administrators. Id. at 648.

Roe, 746 F.3d at 882 (parallel citations omitted).

Thus, under Title IX, the College can "be liable for damages only where the [College] itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of [student-on-student] harassment of which it had actual knowledge." Davis, 526 U.S. at 642, 643. With this standard in mind, the Court considers the College's arguments in support of its motion to dismiss.

A. Plaintiff's Status as a Non-Student Precludes Her From Asserting a Title IX Claim

The College first argues that because plaintiff does not claim she ever attended the College as a student, or received any federally funded educational benefits from it, she may not assert a claim for money damages under Title IX for alleged "student-on-student" harassment. The College asserts that plaintiff's theory of liability "extends well beyond the narrow scope of claims for money

damages arising out of student-on-student discrimination described by the Supreme Court in Davis."

Def.'s Mem. Supp. Mot. Dismiss at 4-5. The College argues that in Davis,

> the Court held that "[i]f a funding recipient does not engage in harassment directly, it may not be liable for damages unless its deliberate indifference 'subjects' *its students* to harassment." Davis, 526 U.S. at 644 (emphasis added). The foundational underpinning of the Davis Court's limited extension of liability for peer harassment is the remedial purpose embodied in Title IX of preventing on-going harassment of students based upon their gender. Where, like here, the Plaintiff is not a student – and hence, there is no ability (or need) to protect the Plaintiff from continuing peer harassment in the context of being enrolled as a student at the College – the very reason for imposing potential liability under Title IX against the educational institution falls away.

Mem. Supp. Mot. Dismiss at 5. The College states it has been unable to locate any case law supporting the extension of Davis's Title IX private right of action for money damage to claims by non-students, but asserts "there is no basis under either th[e] text of Title IX or precedent interpreting the statute for the imposition of liability against the College in the context of Plaintiff's claims of peer harassment." Id.

Plaintiff responds that because she was invited by the College to visit campus as a potential student-athlete recruit, she is protected by Title IX's underlying policy of protecting against sexual violence, and should have all of the protection afforded to women athletes on the campus. Plaintiff cites no legal authority in support of this argument. Plaintiff also attempts to add to the factual allegations of her Complaint in opposing the motion to dismiss, but she cannot do so by including new factual allegations in her opposition memorandum. See Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, . . . simply by raising a point in a brief.") (internal citations omitted). The Court therefore does not consider

plaintiff's additional factual allegations that she was invited to attend sorority functions and taken to a fraternity house party, which would not change the analysis even if considered.

The College replies that the foundational underpinning of the Supreme Court's limited extension of liability for student-on-student harassment in <u>Davis</u> is the remedial purpose embodied in Title IX of preventing on-going harassment of students based on their gender. It argues there is a material difference between a student who is enrolled, taking classes, and remains on campus with an alleged harasser, and plaintiff, who alleges she only visited the campus for a day or two. The College states that under <u>Davis</u>, the limited student-on-student private right of action applies only to conduct that "is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit[,]" <u>Davis</u>, 526 U.S. at 633, and plaintiff, as a non-student, cannot and has not pleaded that she was denied access to an educational opportunity or benefit.

The Court in independent research has been unable to find any cases that directly address the issue whether a non-student can assert a claim for student-on-student harassment under Title IX. In dicta, the Tenth Circuit stated without further discussion or citation to authority that a high school girl who attended an off-campus party hosted by a college football player for visiting recruits and alleged that she was sexually assaulted at the party "was not a CU student protected by Title IX[.]"). <u>Simpson v. University of Colorado Boulder</u>, 500 F.3d 1170, 1181 (10th Cir. 2007). As the College notes, the Fourth and First Circuits require a plaintiff to allege that "she was a student" as an element of a Title IX damages claim, <u>see</u> <u>Jennings v. University of North Carolina</u>, 482 F.3d 686, 695 (4th Cir. 2007); <u>Frazier v. Fairhaven School Committee</u>, 276 F.3d 52, 66 (1st Cir. 2002).

Based on Supreme Court precedent, the Court concludes that Title IX's protection against student-on-student harassment does not extend to permit a private action for damages by a non-

student invited to visit the College for student-athlete recruiting purposes. In <u>Davis</u>, the Court stated that "in the context of student-on-student harassment, damages are available only where the behavior is so severe, pervasive, and objectively offensive that it *denies its victims the equal access to education that Title IX is designed to protect*." <u>Davis</u>, 526 U.S. at 652 (emphasis added). The Court further explained the reasoning behind this limitation:

> [T]he provision that the discrimination occur "under any education program or activity" suggests that the behavior be serious enough *to have the systemic effect of denying the victim equal access to an educational program or activity*. Although, in theory, a single instance of sufficiently severe one-on-one peer harassment could be said to have such an effect, we think it unlikely that Congress would have thought such behavior sufficient to rise to this level in light of the inevitability of student misconduct and the amount of litigation that would be invited by entertaining claims of official indifference to a single instance of one-on-one peer harassment. *By limiting private damages actions to cases having a systemic effect on educational programs or activities*, we reconcile the general principle that Title IX prohibits official indifference to known peer sexual harassment with the practical realities of responding to student behavior, realities that Congress could not have meant to be ignored.

<u>Davis</u>, 526 U.S. at 652-53 (emphases added). This discussion, which emphasizes the necessity of a "systemic effect on educational programs or activities" as a prerequisite to a private action for damages under Title IX in the context of student-on-student harassment, indicates that a non-student subjected to a single instance of harassment by a student, no matter how severe, cannot bring an action against the institution because there is no systemic effect on educational programs or activities. The College's motion to dismiss plaintiff's Title IX claim should therefore be granted.

Assuming for purposes of argument that plaintiff as a non-student can assert a private action for damages against the College under Title IX, the Court will address other grounds for dismissal asserted by the College.

B.  Plaintiff Lacks Standing Under Title IX Because She Was Never a Student at the College

The College asserts that plaintiff, as a non-student, lacks standing to bring a Title IX claim and therefore Count I should be dismissed.  In support, the College cites Lopez v. Regents of University of California, 5 F.Supp.3d 1106 (N.D. Cal. 2013) (parent-plaintiffs are not students involved in federally-assisted program and thus have no claim under Title IX); and R.L.R. v. Prague Public School District I-103, 838 F. Supp. 1526 (W.D. Okla. 1993) (same).  The College also note that some courts have included a standing requirement when listing the elements of a Title IX damages claim, citing Jennings, 482 F.3d at 695 (plaintiff must prove that "she was a student" in order to establish a claim); Frazier, 276 F.3d at 66 (same).

Plaintiff responds that "there is little difference between a high school student taking courses on the [college] campus and high school students participating in college sponsored activities as an invitee of the women's soccer team."  Pl.'s Mem. Opp. at 6.  Plaintiff asserts that for purposes of this action, she is a "student" at the College and therefore has standing to sue under Title IX. Plaintiff cites no legal authority to support this assertion.

The College's argument presents a question of statutory standing.  "Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress [her] injury."  Miller, 688 F.3d at 934 (bracketed material omitted) (quoting Graden v. Conexant Sys. Inc., 496 F.3d 291, 295 (3d Cir. 2007)).  To answer the question, the Court looks first to the text of the statute.  North Haven Bd. of Educ. v. Bell, 456 U.S. 512, 520 (1981).

Title IX provides, "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance[.]"  20 U.S.C. § 1681(a).  The

statute is silent as to a private right of action.  The Supreme Court held that a plaintiff must show a "systemic effect on educational programs or activities" as a prerequisite to a private action for damages under Title IX.  Davis, 526 U.S. at 652-53.  The Court concludes that Title IX's protections in the context of student-on-student harassment are limited to students.  Under plaintiff's argument, any person invited to visit a college campus would have standing to sue for student-on-student harassment under Title IX.  Accepting this argument would impermissibly expand the law's scope beyond the limited right of action recognized by the Supreme Court that requires a "systemic effect on educational programs or activities."  Davis, 526 U.S. at 643.  The Court therefore concludes that plaintiff lacks statutory standing to assert a Title IX claim against the College, and Count I must be dismissed.

Further, even assuming that Title IX's protection against student-on-student harassment could extend to persons other than enrolled students, plaintiff has failed to allege facts to show that she was excluded from participation, denied the benefits of, or subjected to discrimination under any education program or activity offered by the College.[2]

---

[2]In her opposition memorandum, plaintiff asserts that she was "denied . . . equal access to an education" because "any chance she would have to participate as a student-athlete at Culver-Stockton College was foreclosed by the college's failure to step forward and participate in remediation, counseling and treatment.  Under the circumstances, plaintiff could not accept any scholarships or offers to play for the soccer team.  Therefore, plaintiff was denied meaningful educational rights."  Pl.'s Mem. Opp. at 13-14.  These speculative and conclusory allegations are not present in the Complaint, and plaintiff cannot amend the Complaint's allegations by means of her opposition, Morgan Distrib. Co., Inc. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989), so the Court does not consider them.  Even if these allegations were included in the Complaint, the Court would conclude that plaintiff as a non-student is not within the category of persons authorized to bring suit under Title IX.

C.  Plaintiff fails to allege a plausible claim that the College had actual knowledge of the alleged sex discrimination against plaintiff

The College also moves for dismissal of Count I on the basis that plaintiff has not alleged any facts supporting a plausible claim that it had "actual notice" of alleged sex discrimination.  The College states that an educational institution cannot be held liable under Title IX on a theory of *respondeat superior*.  Gebser, 524 U.S. at 290; Davis, 526 U.S. at 646-47.  The College asserts it is insufficient for a plaintiff to allege that an educational institution is liable for the discriminatory acts of a student or employee without also pleading that an official of the College "'who at a minimum has authority to address the alleged discrimination and to institute corrective measures . . . has actual [knowledge]' of the alleged discrimination or harassment."  Mem. Supp. Mot. Dismiss (quoting Gebser, 524 U.S. at 290).[3]

The College asserts that plaintiff does not allege a plausible theory that it had "actual notice" of any circumstances giving rise to the alleged assault, as she alleges only that the College "knew or should have known of the propensity of college students to utilize alcohol and to become involved in assaultive behavior, and was aware of the need to provide guidance, supervision and control for the minor athletic invitees on its premises, but failed and neglected to do so."  Complaint, ¶ 21.

Plaintiff responds that her Complaint does not seek to impose *respondeat superior* liability, but rather is directed at the College's (1) "failure to provide supervision and guidance to student-athlete invitees, while involved in campus activities," and (2) "failure, after an act of violence occurs, to provide investigation, counseling, treatment and remediation to cure and resolve the problem."

---

[3]The College's quotation from Gebser is inaccurate to the extent it uses the term "actual notice" rather than "actual knowledge."  See Gebser, 524 U.S. at 290.

Plaintiff states that her Complaint:

> asserts that there is a failure to provide supervision and guidance (chaperone) to a minor student-athlete, invited and solicited to come to campus, and then the abandonment under circumstances where the college knew, or should have known, in the exercise of due care, that failure to provide guidance and supervision could lead to vulnerability to sexual attacks, violence, and at the very least, sexual harassment.

Pl.'s Mem. Opp. at 8. Plaintiff states the "thrust of her complaint is that the failure to provide supervision and guidance as promised, binds the college contractually and because of its failure to provide the necessary protection against sexual violence, also violates" Title IX. Id. at 8.

The Court finds that plaintiff's Complaint fails to allege facts sufficient to support a plausible claim that the College had actual knowledge of sexual harassment or abuse. Plaintiff makes no factual allegations that the College was aware of invited high-school aged recruits, visitors or College students being assaulted in similar circumstances, or that the College was aware of any prior allegations of sexual assault by defendant A.B. Instead, plaintiff alleges only that the College "knew or should have known of the propensity of college students to utilize alcohol and to become involved in sexual assaultive behavior while using alcohol," Complaint ¶ 22, and "was aware of the need to provide guidance, supervision and control for the minor athletic invitees on its campus premises, but failed and neglected to do so." Id., ¶ 23.

These conclusory allegations are not sufficient to plead actual knowledge for purposes of stating a claim under Title IX against an educational institution for liability based on student-on-student harassment. The Eighth Circuit has required significantly more than conclusory allegations of actual notice to support Title IX claims. For example, in Ostrander, a sorority member at the University of Missouri ("MU") alleged that she was sexually assaulted by a fraternity member at a house located on campus at which several of the fraternity's members lived. Id., 341 F.3d at 747.

14

Plaintiff asserted a Title IX claim against MU, alleging that prior to her assault it had actual notice of the exact type of sexual abuse she suffered and was deliberately indifferent to female students' prior complaints of sexual violence by the fraternity's members. Id. at 750. The Eighth Circuit affirmed the entry of judgment as a matter of law, concluding that MU did not have actual knowledge of the sexual abuse complained of and was not deliberately indifferent to complaints of sexual violence made by female students, because it had not received any prior reports of sexual harassment or abuse *by that particular fraternity member*, or sexual harassment or abuse of female students occurring at *the particular premises* where the plaintiff was assaulted. Id. at 751. The Eighth Circuit held that student-on-student sexual abuse allegedly perpetrated by other members of the same fraternity, at other locations, failed to "satisfy the 'known acts' requirement" established by Davis, 526 U.S. at 642-44. Ostrander, 341 F.3d at 751. See also Thomas v. Board of Trustees of Neb. State Colleges, 2016 WL 3564252, __ F. App'x __ (8th Cir. July 1, 2016) (unpublished per curiam) (affirming summary judgment on Title IX claim where female student was kidnapped, raped and murdered; defendant had no actual knowledge male student posed a substantial risk of sufficiently severe harm to other students although its Director of Housing and Security was informed the student had been convicted of a robbery, was accused of other robberies and had a "forcible fondling (RAPE) on a 18yr old female charge on record, but the charges were drop[p]ed;" a background check revealed the student had a misdemeanor theft conviction and was accused of other thefts; he was the subject of two complaints of sexual harassment at the college, one of which he admitted; and he kicked down his dormitory room door).

An Eleventh Circuit case cited by plaintiff, Williams v. Board of Regents of University System of Georgia, 477 F.3d 1282 (11th Cir. 2007), does not suggest a different result and illustrates the inadequacy of plaintiff's allegations. In Williams, a University of Georgia student brought a

Title IX claim for student-on-student sexual harassment after she was raped by three student-athletes, who were led by a student-athlete recruited to attend the university and admitted under special provisions. The Eleventh Circuit affirmed the dismissal of Williams' claim against the Board of Regents because she did not allege facts to show that an appropriate person with the Board of Regents had actual knowledge of the acts that plaintiff alleged constituted discrimination. Id. at 1293-94. Williams did state a claim against the University of Georgia and its Athletic Association where she alleged the University president and athletic director personally recruited and admitted the student-athlete who sexually assaulted plaintiff, knowing that he "previously had disciplinary and criminal problems, particularly those involving harassment of women, at other colleges," id. at 1290, and then increased the risk faced by female students by placing the student-athlete in a dorm without supervision or warnings. Id. at 1295.

Here, plaintiff's generalized and conclusory allegations are not sufficient to plead a plausible claim that an "appropriate person" at the College had actual knowledge of previous incidents of similar harassment so as to alert it to a substantial risk of further abuse. Plaintiff does not allege any facts to identify an appropriate person at the College who had actual knowledge; to show that any previous sexual harassment or abuse had taken place at the College, much less directed against high school students invited to visit campus for athletic recruiting purposes; or to show that defendant A.B. has been accused of any previous acts of sexual harassment or abuse. Absent these necessary allegations to establish the College's actual knowledge, plaintiff's Title IX claim fails to state a claim upon which relief can be granted and the College's motion to dismiss must be granted.

D.  Plaintiff fails to allege a plausible claim that the College was "deliberately indifferent" to alleged sex discrimination against Plaintiff

The College also argues that plaintiff fails to state a claim under Title IX because she does not allege facts to support a plausible claim that it was deliberately indifferent to sex discrimination against her.  The College states that while plaintiff alleges it violated Title IX by "failing to investigate, take corrective measures and provide post violence care and treatment" after it received actual notice of the alleged incident, id., ¶ 25, it contends that plaintiff fails to allege she was subjected to any additional gender discrimination after the College was notified of the alleged assault.  The College asserts this omission is fatal to plaintiff's claims, because under Title IX, institutions can only be held directly liable for subjecting their students to known acts of discrimination, citing Davis, 526 U.S. at 646.  The College contends that while plaintiff may claim she suffered some harm by its alleged inaction, she does not and cannot allege that she was subjected to any sexual harassment or gender discrimination after it received actual notice.

Plaintiff responds that she alleges the College was aware an act of sexual violence had occurred after receiving reports on February 8-9, 2014, but "failed and neglected to take reasonable corrective action or to adequately investigate the matter or make contact with Plaintiff and her family, until a complaint was registered with law enforcement on February 15, 2014, by plaintiff's family," Complaint, ¶ 15, and later College representatives "withdrew from a scheduled conference with Plaintiff and her parents when they discovered the nature of the complaint, rather than conduct an investigation, review all the issues or offer any necessary treatment or counseling to Plaintiff."

Id., ¶ 16.  Plaintiff asserts without any citation to legal authority that these allegations are sufficient to allege deliberate indifference.[4]

Title IX requires that a plaintiff prove an educational institution's deliberate indifference occurred in response to discrimination she faced.  Davis, 526 U.S. at 633.  Davis also requires that a Title IX recipient "may not be liable for damages unless its deliberate indifference 'subject[s]' its students to harassment.  That is, the deliberate indifference must, at a minimum, 'cause [students] to undergo' harassment or 'make them liable or vulnerable' to it."  Id. at 644-45 (citing Random House Dictionary of the English Language 1415 (1966)) (defining "subject" as "to cause to undergo the action of something specified; expose" or "to make liable or vulnerable; lay open; expose"); Webster's Third New International Dictionary 2275 (1961) (defining "subject" as "to cause to undergo or submit to: make submit to a particular action or effect: EXPOSE").  Based on Davis, a "Title IX plaintiff at the motion to dismiss stage must allege that the Title IX recipient's deliberate indifference to the initial discrimination subjected the plaintiff to further discrimination."  Williams, 477 F.3d at 1295.

Here, plaintiff's generalized and conclusory allegations do not allege facts to state a plausible claim of deliberate indifference that the College's inaction following the alleged sexual abuse by defendant A.B. caused her to undergo harassment or made her vulnerable to it, Roe, 746 F.3d at 882 (citing Davis, 526 U.S. at 644-65), or subjected her to further discrimination.  Davis, 526 U.S. at

---

[4]Plaintiff's opposition also refers to facts contained in the four exhibits attached to the opposition memorandum.  Pl.'s Mem. Opp. at 9.  The exhibits are: (1) financial aid information from the College's website; (2) sexual assault prevention and response information from the College's website; (3) the College's Campus Safety Summary 2015; and (4) emails sent to plaintiff from the College concerning "Women's Soccer Recruit Night" 2014.  As previously stated, on a motion to dismiss the Court does not consider matters outside the pleadings that are not incorporated by reference into the claim, are not subject to judicial notice, and are not matters of public record or exhibits attached to the Complaint.

644-45; <u>Williams</u>, 477 F.3d at 1295. Further, because plaintiff was not a student at the College, she cannot allege that the College's response or lack of response to notification of the alleged sexual abuse made her more vulnerable to student-on-student sexual harassment or discrimination. <u>See</u> <u>Roe</u>, 746 F.3d at 882.

Because plaintiff fails to allege sufficient facts to establish a plausible claim with respect to the College's deliberate indifference, she fails to state a claim under Title IX and the College's motion to dismiss must be granted.

E. <u>The College's Remaining Arguments</u>

Plaintiff, as a non-student at the College, cannot bring a Title IX claim.[5] Even if plaintiff could bring a Title IX claim against the College, she fails to state a claim upon which relief can be granted as she does not allege facts sufficient to support a plausible claim that (1) the College had actual knowledge of sexual harassment or abuse, or (2) the College's response was deliberately indifferent. The Court therefore finds it unnecessary to address the College's remaining arguments in support of its motion to dismiss.

**V. Supplemental Jurisdiction Declined**

The Court will dismiss the federal claims under Title IX in Count I, leaving only state law claims in Counts II and III. There is no diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship does not appear from the face of the Complaint. <u>See</u> <u>Buckley v. Control Data Corp.</u>, 923 F.2d 96, 97, n.6 (8th Cir. 1991) (diversity jurisdiction statute requires complete diversity of citizenship between plaintiffs and defendant).

---

[5]For this reason, the Court does not, on its own motion, grant plaintiff leave to amend her complaint.

The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). It is within the Court's discretionary authority to decline to exercise supplemental jurisdiction over state law claims once it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see Simes v. Arkansas Judicial Discipline and Disability Comm'n, 734 F.3d 830, 835 (8th Cir. 2013). The Eighth Circuit has stated that "federal courts should exercise judicial restraint and avoid state law issues wherever possible." Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000) (internal quotation marks and quoted case omitted). As a result, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

This case has not progressed to the point where all parties have been served with summons and complaint, and no case management order has been issued. The Court in the exercise of its discretion will decline to exercise supplemental jurisdiction over plaintiff's state law claims and will dismiss them without prejudice to refiling in state court.

## VI. Conclusion

For the reasons discussed above, the Court will grant defendant Culver-Stockton College's motion to dismiss Count I of plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. The Court concludes that plaintiff, as a non-student, cannot bring a Title IX claim against the College. The Court further concludes that even if plaintiff could bring a Title IX claim, she fails to allege facts sufficient to support a plausible claim that an appropriate person at the College had actual knowledge of sexual harassment or abuse, and further fails to allege

facts sufficient to support a plausible claim that the College's response was deliberately indifferent. Plaintiff therefore fails to state a claim upon which relief can be granted under Title IX.

The Court will decline to exercise supplemental jurisdiction over plaintiff's state law claims against the remaining defendants in Counts II and III, and will dismiss the same without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Culver-Stockton College's motion to dismiss Count I of plaintiff's First Amended Complaint is **GRANTED**. [Doc. 33]

**IT IS FURTHER ORDERED** that the Court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims in Counts II and III and will dismiss those claims without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.


_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**


Dated this  11th  day of August, 2016.